# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIPPO FLEMING & PERTILE LAW OFFICES, successor in interest to HIPPO & FLEMING LAW OFFICES, and CHARLES WAYNE HIPPO, JR., ESQUIRE, | ) ) ) ) ) ) | CIVIL ACTION NO. 3:15-322 |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| WESTPORT INSURANCE CORPORATION, GREGORY S. MORRIS, and MORRIS MANAGEMENT, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**I.**     **Introduction**

This action arises from a dispute involving insurance coverage for professional liability. Plaintiffs Hippo Fleming & Pertile Law Offices, successor in interest to Hippo & Fleming Law Offices, and Charles Wayne Hippo, Jr. (the **Hippo Plaintiffs**) filed this action in state court, seeking a declaratory judgment and asserting claims of bad faith and breach of contract against Defendants. Plaintiffs seek a declaration that Defendant Westport Insurance Corporation (**Defendant Westport**) owes a defense and indemnity for a separate case which is pending in the Court of Common Pleas of Blair County. Defendants removed the action to this Court, and presently before the Court is Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court will **DENY** Plaintiffs' motion to remand.

## II. Background

Plaintiffs initiated this action on November 30, 2015, by filing a three-count complaint against Defendants in the Court of Common Pleas of Blair County, Pennsylvania. (ECF No. 1-2.) The complaint asserts claims for declaratory relief, breach of contract, and bad faith. (*Id.* ¶¶ 28-56.) All claims stem from Defendant Westport's refusal to defend or indemnify Plaintiffs under a lawyer's professional liability insurance policy in an underlying case brought by Gregory S. Morris and Morris Management, Inc. (the **Morris Defendants**), which is currently pending in the Court of Common Pleas of Blair County, Pennsylvania (the **Underlying Suit**).[1]

On December 11, 2015, Defendant Westport removed the action to this Court. (ECF No. 1 ¶¶ 2-3.) In the notice of removal, Defendant Westport stated that the action is properly before this Court based on diversity jurisdiction. (*Id.* ¶ 3.) Both the Hippo Plaintiffs and the Morris Defendants are citizens of the State of Pennsylvania. (*Id.* ¶¶ 5-8.) Defendant Westport asserts, however, that the Morris Defendants do not defeat this Court's exercise of diversity jurisdiction for three alternative reasons: (1) the Morris Defendants were named as nominal parties and/or are not necessary parties to this action and therefore should not be considered for purposes of determining whether this Court may exercise diversity jurisdiction; (2) the Court should realign the Morris Defendants as plaintiffs rather than as defendants, in accordance with the Morris Defendants' true interests in this action; and (3) in the event that the Court considers the Morris Defendants

---

[1] The Court notes that in a separate but related case before it filed on September 29, 2015 (approximately two months before this action was filed in state court) at Civil No. 3:15-251, Defendant Westport seeks a declaration that it has no duty to defend or indemnify the Hippo Plaintiffs in the Underlying Suit.

2

as defendants for purposes of diversity jurisdiction, their presence in the case should not defeat diversity because they were fraudulently joined as defendants for the sole purpose of defeating diversity jurisdiction. (*Id.* ¶¶ 10-12.)

On December 18, 2015, Plaintiffs filed a motion to remand this action to state court for lack of subject matter jurisdiction, along with a brief in support of the motion. (ECF Nos. 4, 5.) Plaintiffs dispute Defendant Westport's assertion that the Morris Defendants are nominal parties, and argue that the Morris Defendants cannot be realigned as plaintiffs in this case. Further, Plaintiffs state that Defendant Westport's claim that the Morris Defendants were fraudulently joined to defeat diversity is misplaced, because the Hippo Plaintiffs were required to join the Morris Defendants pursuant to Pennsylvania law. (ECF No. 4 ¶¶ 7-9.) On January 9, 2016, Defendant Westport filed a response in opposition to Plaintiffs' motion to remand, to which Plaintiffs filed a reply on February 4, 2016. (ECF Nos. 12, 15.) The parties have fully briefed the Court, and this matter is now ripe for adjudication.

### III. Applicable law

Pursuant to the federal removal statute, a defendant in a state court action may remove that action to federal court if the federal district court would have had original jurisdiction over the case had it been filed in federal court. *See* 28 U.S.C. § 1441. This jurisdictional prerequisite to removal is non-waivable and absolute. *See Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996). The Third Circuit has explained that, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts

resolved in favor of remand." *Id.* (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (internal quotations omitted)).

Diversity of citizenship provides one basis for federal subject matter jurisdiction, and a state court case that implicates diversity jurisdiction may therefore be removed to federal court. *Abels*, 770 F.2d at 29. Diversity jurisdiction may be invoked if two statutory requirements are met: (1) there is complete diversity of citizenship; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995). Here, it is not disputed that the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 3.) Therefore, this Court's analysis focuses on whether the parties are of diverse citizenship.

To determine whether there is before the district court a controversy between "citizens of different States," as is required by 28 U.S.C. § 1332(a)(1) and by Article III of the United States Constitution, the Supreme Court has stated that the district court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 64 L.Ed. 2d 425 (1980). District courts within the Third Circuit have stated that a nominal party is one who is "neither necessary nor indispensable to join in the action" under Federal Rule of Civil Procedure 19. *Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc.*, 254 F.Supp.2d 521, 524-25 (M.D. Pa. 2003) (citing *Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991)); *Katz v. Grayling Corp.*, 2007 WL 4530997, at *2 (E.D. Pa. Dec. 20, 2007). Pursuant to Rule 19, a party is "necessary" if:

4

(1)        in the person's absence complete relief cannot be accorded among those already parties, or
(2)        the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
       (i)       as a practical matter impair or impede the person's ability to protect that interest or
       (ii)     leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED.R.CIV.P. 19(a). A party that is not "necessary" pursuant to FRCP 19 is, by definition, not "indispensable" to the action. *See Mallalieu*, 254 F.Supp.2d at 525 (citing *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993)). In a diversity case, the question of whether a party is a necessary or indispensable party is a procedural question that is governed by federal law. *See Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 937-38 (3d Cir. 1994) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22 (1968)).

**IV. Discussion**

Plaintiffs argue that the Morris Defendants are necessary and indispensable parties and that their citizenship therefore defeats diversity jurisdiction. Defendant Westport counters that the Morris Defendants are nominal parties and that the Court must disregard their citizenship when determining whether the requirements of diversity jurisdiction have been satisfied. For the reasons that follow, the Court agrees with Defendant Westport, and will disregard the citizenship of the Morris Defendants when determining diversity.

After removal of an action, the determination of whether a party is necessary or indispensable is a question of federal law. *See Spring-Ford Area School Dist. v. Genesis Ins.*

5

*Co.*, 158 F.Supp.2d 476, 482 (E.D. Pa. 2001) (citing *Provident*, 390 U.S. at 125 n.22). In support of their argument that this case should be remanded to state court, Plaintiffs point almost exclusively to Pennsylvania statutes and case law. For example, Plaintiffs insist that they were "explicitly require[d]" to join the Morris Defendants pursuant to the Pennsylvania Declaratory Judgment Act, which requires joinder of "all persons . . . who have or claim any interest which would be affected by the declaration." (ECF No. 5 at 4 (citing 42 PA. CONS. STAT. ANN. § 7540(a)). Similarly, Plaintiffs insist that the "seminal case" of *Vale Chemical Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290 (Pa. 1986) is applicable here. (ECF No. 5 at 4.) In *Vale*, the Pennsylvania Supreme Court held that a plaintiff suing a drug manufacturer had an interest in that drug manufacturer's declaratory judgment action against an insurer to establish a duty to defend pursuant to the relevant policies, and that, therefore, the plaintiff was required to be joined as a party in the declaratory judgment action. *Vale*, 512 Pa. at 295-97.

Plaintiffs seem to argue that because Pennsylvania courts would require joinder of the Morris Defendants under *Vale*, it must follow that the Morris Defendants are necessary and indispensable parties under the federal standard. (ECF No. 5 at 5-6.) Such a conclusion runs contrary to established case law. Plaintiffs provide no support for their theory that the Morris Defendants are necessary parties to this action when analyzing the question under federal law. Worse, Plaintiffs completely ignore Third Circuit case law addressing the very question with which the Court is presented and expressly rejecting the theory that Plaintiffs urge the Court to adopt.

In *Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005), the Third Circuit held that in *Vale*, the Pennsylvania Supreme Court outlined a "procedural and jurisdictional ruling," and did not announce "substantive principles of law." *Id*. at 229-30. The court therefore held that under the doctrine announced by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, as a federal court sitting in diversity, it was not bound to follow Pennsylvania law that required joinder of an injured party in a coverage action. *Liberty Mutual*, 419 F.3d at 229-30. Because state law was not applicable on this issue in federal court, the court assessed the question of intervention and joinder pursuant to federal law. *Id*.

Accordingly, the Court rejects Plaintiffs' assertion that Pennsylvania law governs the issue before it, and assesses the question of whether the Morris Defendants are nominal parties under federal law as it must.

The Court finds that the Morris Defendants are nominal parties, and that their citizenship must be disregarded when determining diversity. Plaintiffs insist, without citation to authority, that the Morris Defendants "satisfy the procedural mandate" of Rule 19. (ECF No. 5 at 6.) As Defendant Westport points out in its brief, however, in the action presently before the Court, there is no controversy between the Morris Defendants and Plaintiffs. No claim is asserted against the Morris Defendants, and their interests are not directly implicated by this declaratory judgment action. Without the Morris Defendants, complete relief may be accorded among the parties, and no interest of the Morris Defendants relates so directly to the subject of this action such that their joinder is required under federal law. *See* FED.R.CIV.P. 19.

7

Rather, the Morris Defendants' interest in this litigation is an indirect financial one. The Court agrees with other courts within the Third Circuit that have consistently held that such an interest does not qualify a party as "necessary" within the meaning of Rule 19. *See Mallalieu*, 254 F.Supp.2d at 525 (concluding that although a party was required to be joined under the Pennsylvania Declaratory Judgment Act, that party's interest in seeing that an insurance company paid a judgment was not a "legally protected" interest, and therefore holding that the party was a nominal party to the action rather than a necessary party under FRCP 19); *Spring-Ford*, 158 F.Supp. 2d at 483 (holding that a party was nominal where no claims were asserted against it and where the party had no legally protected interest in the action, but rather had a "merely financial" interest in it); *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D. Pa. 1998) (holding that former client of attorney that had filed a legal malpractice claim was not a necessary party who had to be joined in the action between a professional liability insurer seeking a declaration of noncoverage against attorney where the former client had a merely financial interest in the action and where complete relief could be accorded without joinder of the former client); *Richman, Berenbaum & Assoc., P.C. v. Caroline Cas. Co.*, 2002 WL 1895900, at *5 (holding that, in an action for declaratory judgment that an insurer had a duty to defend and indemnify plaintiffs from a legal malpractice suit, plaintiff in the underlying malpractice suit was not a necessary party and thus did not defeat diversity jurisdiction for purposes of removal). It follows that such an interest also does not qualify as "indispensable" under federal law. *See Janney*, 11 F.3d at 404.

Because the Morris Defendants are nominal parties in that they are neither necessary nor indispensable to join in the action, the Court must disregard their citizenship in assessing whether the parties satisfy the requirements of diversity jurisdiction. *See Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). Disregarding the Morris Defendants, the Court finds that the requirements of diversity jurisdiction are satisfied. As noted above, it is undisputed that the amount in controversy exceeds $75,000. As to the diversity requirement, the Hippo Plaintiffs are citizens of Pennsylvania, while Defendant Westport is a citizen of Missouri and Kansas. Therefore, there is complete diversity between the parties such that the Court may exercise diversity jurisdiction over this action.

Having determined that the Morris Defendants are nominal parties that must be ignored when determining diversity, the Court finds it unnecessary to address the question of whether the parties must be realigned in the instant action. Similarly, the Court will not address the question of whether the Morris Defendants were fraudulently joined to defeat diversity jurisdiction.

**V.  Conclusion**

For the reasons stated above, the Court finds that the requirements of diversity jurisdiction are met. The Court therefore denies Plaintiffs' Motion to Remand.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIPPO FLEMING & PERTILE LAW OFFICES, successor in interest to HIPPO & FLEMING LAW OFFICES, and CHARLES WAYNE HIPPO, JR., ESQUIRE, | ) ) ) ) ) ) | CIVIL ACTION NO. 3:15-322 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| WESTPORT INSURANCE CORPORATION, GREGORY S. MORRIS, and MORRIS MANAGEMENT, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 28th day of April, 2016, upon consideration of Plaintiffs' Motion to Remand (ECF No. 4), and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED**. **IT IS FURTHER ORDERED** that a status conference is scheduled for May 11, 2016, at 11:30 a.m.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE